SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
  tkennedy@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:   213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
HALI M. ANDERSON, Cal. Bar No. 261816
  handerson@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California  92101-3598
Telephone:   619.338.6500
Facsimile:   619.234.3815

Attorneys for Defendant
WASTE MANAGEMENT NATIONAL SERVICES, INC., erroneously named and served as WASTE MANAGEMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE RILEY, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WASTE MANAGEMENT, a California corporation; and DOES 1 through 20,<br><br>　　　　Defendants. | Case No.  **'12CV2897 DMS DHB**<br><br>**DEFENDANT WASTE MANAGEMENT NATIONAL SERVICES, INC.'S NOTICE OF REMOVAL OF ACTION**<br><br>Action Filed:  October 12, 2012 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Waste Management National Services, Inc. (erroneously sued as "Waste Management") ("Waste Management

-1-

National") hereby removes the matter of <u>Claude Riley v. Waste Management and Does 1 through 20</u> (Imperial County Superior Court Case Number ECU 07307), to the United States District Court for the Southern District of California, and respectfully states that this Court has original jurisdiction over the action pursuant to its diversity jurisdiction because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Because these requirements are met, this entire action is subject to removal to federal court.  The grounds for removal are more fully set forth below:

## BACKGROUND

1. On or about October 12, 2012, Plaintiff Claude Riley ("Plaintiff") filed a Complaint against Waste Management National in the Superior Court of the State of California, County of Imperial, Case No. ECU 07307 (the "Complaint").  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "A."

2. In the Complaint, Plaintiff asserts two causes of action against Waste Management National arising out of Plaintiff's employment with Waste Management.  Specifically, Plaintiff brings claims for: (1) Wrongful Discharge in Violation of Public Policy and (2) Unlawful Retaliation.

## TIMELINESS OF REMOVAL

3. Plaintiff's Complaint was personally served on Waste Management National's registered agent of service on November 9, 2012.  (Declaration of Linda Smith ("Smith Decl."), ¶ 2).  A copy of the proof of service is included as part of Exhibit "A."

4. This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by Waste Management National of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

## DIVERSE CITIZENSHIP OF THE PARTIES

5. Plaintiff's Citizenship:  Plaintiff alleges, and Waste Management National is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. (Complaint, ¶ 2).  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  <u>State Farm Mut. Auto Ins. Co. v. Dyer</u>, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff alleged, and Waste Management is informed and believes, that Plaintiff is and was a resident of California at all relevant times concerning the allegations in the Complaint.  (Complaint, ¶ 2).  Plaintiff therefore is, or was at the institution of this civil action, a citizen of California.

6. Defendant's Citizenship:  For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  Plaintiff was employed by Waste Management National, which is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Houston, Texas.  (Smith Decl., ¶¶ 3-4).  See <u>Hertz Corp. v. Friend</u>, 130 S.Ct. 1181, 1186 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'").

7. Doe Defendants: Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. Fristos v. Reynolds Metals Co., 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1-20 does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

8. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

9. Plaintiff was employed by Waste Management National as an Upstream Project Specialist. (Complaint, ¶ 6; Declaration of Thomas P. Jolley ("Jolley Decl."), ¶ 2).

10. Plaintiff alleges that at the time of his termination, he earned an annual salary of approximately $42,000, plus a potential 20% bonus. (Complaint, ¶ 6.) Waste Management National's records show that Plaintiff earned an annual salary of $42,840, plus a potential 10% bonus. (Jolley Decl., ¶ 3).

11. Although Plaintiff does not pray for a specific dollar amount, the Complaint pleads causes of action for Wrongful Discharge in Violation of Public Policy and Unlawful Retaliation. Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met. See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal 2002) (amount in controversy is based on assumption that plaintiff prevails on all claims); Jackson v. American Bankers Ins. Co.,

976 F.Supp. 1450, 1454 (S.D. Ala. 1997) ( "[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and *assuming a jury returns a verdict for the plaintiff on all claims made in the complaint*) (emphasis added).

      12.    Specifically, Plaintiff prays for the following:

      a.    Loss of wages, promotional opportunities, benefits, and other opportunities of employment (Prayer for Relief in Complaint, ¶ 2).  Plaintiff's salary, as of March 2011 (the date Plaintiff alleges he was terminated), was $42,840 per year.  (Complaint, ¶¶ 6, 11; Jolley Decl., ¶ 3).  Plaintiff also had a potential to earn a 10% bonus.  (Complaint, ¶ 6; Jolley Decl., ¶ 3).  Assuming that Plaintiff prevailed at trial in October 2013—a year from the date the Complaint was filed, Plaintiff would potentially be entitled to two years and seven months of back wages.  In other words, Plaintiff could receive $116,928 ([2.58 years x $42,000] + [2 years x 42,840 x .1] = $116,928) in back pay alone.  See Cal. Lab. Code § 98.6(b) (employer may be liable for backpay and benefits).  Using Plaintiff's allegations, Plaintiff could receive over $120,000 in back pay.

      b.    Civil penalties pursuant to California Labor Code section 1102.5 (Prayer for Relief in Complaint, ¶ 2).  See Cal. Lab. Code § 1102.5(f) (employer may be liable for a civil penalty of $10,000 for each violation if the employer is a corporation).

      c.    Mental and emotional distress damages (Prayer for Relief in Complaint, ¶ 3).  The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established.  Kroske v. U.S. Bank Corp., 432 F. 3d 976, 980 (9th Cir. 2005) (holding that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her

claim," even where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees").

        d.      Punitive damages (Prayer for Relief in Complaint, ¶ 6).  See Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996) (punitive damages factored into amount in controversy if they are recoverable under state law).

        e.      Attorneys fees (Prayer for Relief in Complaint, ¶ 5).  See Galt G/S, 142 F.3d at 1156 (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

    13.    The undersigned counsel has defended numerous claims for alleged wrongful termination and retaliation against corporate employers.  (See Declaration of Tracey A. Kennedy ("Kennedy Decl."), ¶ 2).  Based on my experience, a typical claim in an action such as this regularly exceeds $75,000, especially when the plaintiff seeks to recover attorneys' fees. (See Kennedy Decl., ¶ 3).

    14.    Based on both Plaintiff's actual prayer for relief and the undersigned counsel's previous experience, there is no question that the amount in controversy in this case significantly exceeds $75,000.  See White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees" demonstrated that the amount in controversy exceeded $75,000").

## VENUE

15.     Venue lies in the Southern District of this Court pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), because this action originally was filed in this district and Plaintiff resides in the County of Imperial, State of California.

## NOTICE OF REMOVAL

16.     This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Imperial.

17.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Waste Management National or filed by Waste Management National are attached hereto as the following exhibits, including the Summons and Complaint (Exhibit A).

WHEREFORE, Defendant Waste Management National, desiring to remove this case to the United States District Court for the Southern District of California, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Dated:  December 5, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     *Hali M. Anderson*
       HALI M. ANDERSON

Attorneys for Defendant
WASTE MANAGEMENT NATIONAL SERVICES, INC.
Email:  handerson@sheppardmullin.com

-7-

## DECLARATION OF THOMAS P. JOLLEY

I, Thomas P. Jolley, declare:

1. I am employed as the Senior Manager, Payroll Tax of Waste Management Service Center, Inc. As the Senior Manager, Payroll Tax of Waste Management Service Center, Inc., I have access to the payroll records for Waste Management National Services, Inc. ("Waste Management National") employees, including Plaintiff's. I have knowledge of the facts set forth below, and if called to testify regarding them, I could and would do so competently to the best of my knowledge and based on information and belief.

2. Plaintiff was employed by Waste Management National as an Upstream Project Specialist from September 14, 2009 to March 22, 2011.

3. At the time of his termination and based on a review of company records, Plaintiff earned an annual salary of $42,840, plus a potential 10% bonus.

I declare under penalty of perjury under the United States of America that the foregoing is true and correct. Executed on December 5, 2012 at Houston, Texas.

*/s/ Thomas P. Jolley*
THOMAS P. JOLLEY

# DECLARATION OF LINDA J. SMITH

I, Linda J. Smith, declare:

1. I am the Corporate Secretary of Waste Management National Services, Inc. ("Waste Management National"). As the Corporate Secretary, I am familiar with the corporate and administrative operations of Waste Management National. I have personal knowledge of the facts set forth below, and if called to testify regarding them, I could and would do so competently.

2. On information and belief, Plaintiff's Complaint was received by Waste Management National on November 9, 2012 through its registered agent for service.

3. Waste Management National was at the time of the filing of this action, and still is, incorporated in the State of Delaware.

4. Waste Management National's corporate headquarters are located in Houston, Texas, which was at the time of the filing of this action, and still is, its principal place of business.

I declare under penalty of perjury under the United States of America that the foregoing is true and correct. Executed on December 5, 2012 at Houston, Texas.

*/s/ Linda J. Smith*
LINDA J. SMITH